**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2011

Lyle W. Cayce
Clerk

No. 10-60770

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE ROGERS; LATANICIA MCMILLAN ROGERS,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 1:09-CR-100-2

Before GARWOOD, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Wayne and Latanicia Rogers were convicted of Medicare fraud and related crimes for operating a physical therapy business that employed unlicensed physical therapists, who did not act under the supervision of a physician, and for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60770

fraudulently overcharging Medicare for physical therapy services by billing more time than what the treatments actually consumed and for billing for nonexistent services. The defendants raise numerous arguments on appeal. We have reviewed the briefs and pertinent portions of the record and have consulted the applicable law and have heard the arguments of counsel.

The defendants contend there is insufficient evidence to convict. We ask whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict. The evidence is sufficient.

The defendants challenge the denial of their pretrial motions. The assertion of selective prosecution is without merit. The claim that the trials of the respective defendants should have been severed is not frivolous but ultimately fails based on the presumption that defendants indicted together should be tried together. The asserted speedy-trial violations are non-existent; some of the delays were occasioned by defendants' own motions for continuance.

We deny defendants' claim of ineffective assistance of counsel. We seldom review such assertions on direct appeal. Moreover, there is no showing of harm. There is also no error in the various evidentiary rulings, including the admission of exhibits to which defendants assert their counsel should have objected.

We see no error in the giving of a deliberate-ignorance instruction. Also, the denial of a good-faith instruction is justified by the evidence.

There are no reversible errors in the sentences. For example, the risk of bodily injury from using unlicensed physical therapists is obvious, despite defendants' protestations.

This trial was conducted competently and fairly. The evidence of guilt was overwhelming. There is no reversible error, and the judgments of conviction and sentence are AFFIRMED.

2